UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST )
712 H Street, N.E. )
Suite 1682 )
Washington, D.C. 20002, )
                   Plaintiff, )
v. )  Civil Case No. 1:23-cv-00228
NATIONAL ARCHIVES AND RECORDS )
ADMINISTRATION )
8601 Adelphia Road )
College Park, MD 20740 )
                  Defendant. )

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the National Archives and Records Administration under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in

government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant National Archives and Records Administration ("NARA" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On August 11, 2022, PPT submitted a two FOIA requests to NARA.

7. First, Plaintiff submitted a request (attached as Exhibit A) seeking the following records: "From February 1, 2022, through the date this request is processed, communications between Debra Steidel Wall and anyone with an email address ending in: @who.eop.gov."

8. Second, Plaintiff submitted a request (attached as Exhibit B) seeking the following records: "From February 1, 2022, through the date this request is processed, all calendar records for Debra Steidel Wall."

9. Ms. Steidel Wall is the acting Archivist of the United States.  Disclosure of the requested records is in the public interest because they will shine light on how a high-ranking

agency official spends her time, as well as information about communications between NARA and the White House during a highly politically fraught period leading up to the unprecedented Federal Bureau of Investigation raid on Former President Donald J. Trump's Mar-a-Lago residence to obtain presidential records and the discovery of classified records at several locations associated with President Joseph R. Biden.

10. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

11. On August 11, 2022, NARA sent an automated reply to each of Plaintiff's requests, acknowledging receipt thereof.

12. On September 2, 2022, NARA sent a letter via email acknowledging receipt of Plaintiff's first FOIA request (Exhibit A) and assigning it tracking number NGC22-740.

13. Plaintiff has received no further communications directly referencing Plaintiff's first FOIA request.

14. Also on September 2, 2022, Plaintiff reached out to NARA regarding Plaintiff's second request, seeking a non-automated acknowledgement email and tracking number.

15. On September 9, 2022, Plaintiff reached out again seeking a non-automated acknowledgement email and resending Plaintiff's August 11 FOIA request.

16. Later on September 9, 2022, NARA responded by sending an acknowledgement letter and referring to Plaintiff's request as tracking number NGC22-740. This is the same tracking number NARA previously used for Plaintiff's first request, as described above.

17. On September 16, 2022, Plaintiff reached out to the Department to obtain an update on the status of both requests and clarify whether tracking number NGC22-740 referred to one or both of Plaintiff's requests.

18. On September 19, 2022, the Department responded, stating that the Office of the General Counsel only received one FOIA from the Special Access FOIA office, Plaintiff's second request seeking calendar records from Ms. Steidel Wall, and that this was the request designated NGC22-740. The Department further requested that Plaintiff contact the Special Access office directly "[i]f you made another request with that office."

19. As shown in Exhibit A, the Office of the General Counsel is the office that sent the September 2, 2022, response to Plaintiff's first FOIA request.

20. At this time, the Department has two valid FOIA request. It has substantively responded to neither and appears to have misplaced at least one.

21. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

22. As of today, Plaintiff's request has been pending for more than 160 days –well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

23. Plaintiff has yet to receive a single responsive document.

24. To the contrary, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*,

711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

25. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

26. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

27. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. PPT properly submitted two requests for records within the possession, custody, and control of the Department.

29. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

30. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its requests.

31. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA requests.

32. The Department's failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA requests and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: January 26, 2023                                   Respectfully submitted,

                                                          PROTECT THE PUBLIC'S TRUST
                                                          By Counsel:

                                                          /s/Gary M. Lawkowski
                                                          Gary M. Lawkowski
                                                          D.D.C. Bar ID: VA125
                                                          DHILLON LAW GROUP, INC.
                                                          2121 Eisenhower Avenue, Suite 608
                                                          Alexandria, Virginia 22314
                                                          Telephone: 703-574-1654
                                                          GLawkowski@Dhillonlaw.com

                                                          *Counsel for the Plaintiff*